SLR:KAN:LDM
F#: 2009R001462

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA, | PRELIMINARY <u>ORDER OF FORFEITURE</u> |
| -against- | 09-CR-0709 (SLT) |
| ABRAR BHATTY, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - X

WHEREAS, on or about August 19, 2010, the Defendant, ABRAR BHATTY, entered a plea of guilty to Count One of an Indictment charging a violation of 18 U.S.C § 2252(a)(2); and

WHEREAS, the Defendant consents to the forfeiture of (a) one black desktop computer seized by law enforcement in a room on the first floor of the Defendant's residence on or about July 8, 2009; (b) one white desktop computer seized by law enforcement in a room on the first floor of the Defendant's residence on or about July 8, 2009; and (c) various computer related equipment which items were seized by law enforcement from the Defendant's residence on or about July 8, 2009 (together, the "Seized Property"), pursuant to 18 U.S.C. § 2253, as (a) any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B or 2260, and any book, magazine, periodical, film, videotape, or other matter produced, transported, mailed, shipped and received in violation of the offenses charged; (b) any property, real and personal, constituting or traceable to gross profits and other proceeds

obtained from such offenses; and/or (c) any property, real and personal, used or intended to be used to commit or to promote the commission of said offenses or property traceable to such property, as well as all substitute assets, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 2253(b);

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the Defendant as follows:

1. Pursuant to 18 U.S.C. § 2253, the Defendant hereby forfeits to the United States any right, title, and interest that he may have in the Seized Property.

2. The Defendant shall not assert any claim or assist any other person to assert any claim to the Seized Property in any administrative or judicial proceeding. If the Seized Property, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the Defendant up to the value of the Seized Property not forfeited, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The Defendant shall execute any and all documents necessary to effectuate the surrender and forfeiture of the Seized Property.

3. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and properties forfeited hereunder. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a

3

jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

    4.   The forfeiture of the Seized Property shall not be considered a payment of a fine or restitution.

    5.   Upon entry of this Preliminary Order, the United States Attorney General or his designee is authorized to seize the Seized Property, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Preliminary Order.

    6.   The United States Attorney's Office shall publish notice of this Preliminary Order and notice of the government's intent to dispose of the subject assets in such a manner as the Attorney General or his designee may direct.  Such publication shall occur on the government website www.forfeiture.gov, in accordance with the custom and practice in this district.  As a substitute for published notice, the United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Property.

4

7. Within thirty days of the final publication of notice or receipt of notice, whichever is earlier, any person, other than the Defendant, asserting a legal interest in the Seized Property, must petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property and amend the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Seized Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, and/or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

8. The United States shall have clear title to the Seized Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order shall become final as the Defendant at the time of sentencing.  This Preliminary Order shall be made part of the Defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by

5

Fed. R. Crim. P. 32.2(c)(2). At that time, the Seized Property shall be forfeited to the United States for disposition in accordance with law.

10. This Preliminary Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

11. This Preliminary Order shall be final and binding only upon the Court's "so ordering" of the order.

12. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Preliminary Order.

13. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this Preliminary Order to the United States Attorney's Office, Eastern District of New York, ATTN: Carly F. Diroll-Black, FSA Paralegal, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       August ____, 2010

```
                                    _____
                                    HONORABLE SANDRA L. TOWNES
                                    UNITED STATES DISTRICT JUDGE
```